■ EDITH FERRARA, Respondent, v. HARVEY R. LEVENTHAL et al., Defendants. (Action No. 1.) EDITH FERRARA, Respondent, v. COUNTY OF NASSAU, Defendant and Third-Party Plaintiff-Appellant; ST VINCENT'S MEDICAL CENTER of RICHMOND et al., Third-Party Defendants-Respondents. (Action No. 2.) —Appeal by the County of Nassau, the defendant and third-party plaintiff in Action No. 2, from so much of two orders of the Supreme Court, Kings County, dated March 15, 1974 and March 21, 1974, respectively, and made under the title of Actions Nos. 1 and 2 (both are medical malpractice actions), as, in directing that the two actions be tried jointly, ordered the joint trial to proceed in Kings County. Orders affirmed insofar as appealed from, with one bill of $20 costs and disbursements to plaintiff to cover both appeals. Special Term did not abuse or improvidently exercise its discretion in directing that the joint trial, to which the record discloses all parties have consented, should proceed in the Supreme Court, County of Kings. CPLR 504 provides that an action against a county, city, town or village must be instituted in the county in which such political subdivision of the State is located. Thus, Action No. 2 against Nassau County properly was instituted in Nassau County. CPLR 503 provides that, absent a provision of the CPLR to the contrary, actions must be instituted in a county in which

one of the parties resides at the commencement thereof. Thus, Action No. 1 properly was instituted in Kings County, in which plaintiff and the two defendant physicians resided at the commencement thereof. CPLR 502 provides that "Where, because of joinder of claims or parties, there is a conflict of provisions under this article [pertaining to venue of actions], the court, upon motion, shall order as the place of trial one proper under this article as to at least one of the parties or claims." Thus, by reason of the orders providing for a joint trial of Action No. 1 and Action No. 2, the court could order the joint trial to proceed in either Kings County or Nassau County, dependent upon Special Term's discretion as to how the interests of justice best would be served under the circumstances presented by the two actions. Hopkins, Acting P. J., Martuscello, Latham and Shapiro, JJ., concur; Christ, J., not voting.